UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 94-5928

JAMES KWADWO KWARTENG, a/k/a
Nana Kwarteng,
Defendant-Appellant.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Herbert N. Maletz, Senior Judge, sitting by designation.
(CR-94-99-MJG)

Submitted: March 21, 1996

Decided: April 2, 1996

Before NIEMEYER and MICHAEL, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

James K. Bredar, Federal Public Defender, Kathryn R. Frey, Assistant
Federal Public Defender, Baltimore, Maryland, for Appellant.
Lynne A. Battaglia, United States Attorney, Robert R. Harding,
Assistant United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

James Kwadwo Kwarteng pled guilty to one count of conspiracy to import more than one kilogram of heroin, 21 U.S.C.A. § 963 (West Supp. 1995), and was sentenced to a term of 97 months imprisonment after the government recommended a two-level departure for substantial assistance. United States Sentencing Commission, Guidelines Manual, § 5K1.1 (Nov. 1994). Kwarteng's attorney has moved to withdraw and has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), raising one issue but stating that, in her view, there are no meritorious grounds for appeal. Kwarteng has filed a pro se supplemental brief. After a thorough review of the briefs and the record, we deny the motion to withdraw at this time, and we affirm.

Kwarteng's plea agreement provided that the government might, in its sole discretion, move for a substantial assistance departure under Fed. R. Crim. P. 35 after sentencing if Kwarteng rendered substantial assistance in the prosecution of others. Kwarteng subsequently testified in the trial of co-defendant Akyaw Owusu, but refused to testify against a number of Ghanaians charged with money laundering. At Kwarteng's sentencing, the government recommended a two-level downward departure under USSG § 5K1.1 and informed the court that a four-level departure would have been recommended had Kwarteng agreed to assist in the prosecution of the money launderers. Defense counsel asked the district court to depart by four levels because of the quality of Kwarteng's assistance in the prosecution of Owusu. The district court departed by two levels, finding that Kwarteng's assistance had been more limited than it could have been.

In the Anders brief, Kwarteng's attorney suggests that the district court erred in departing by only two levels. This issue is without merit because a defendant may not appeal the extent of a downward depar-

2

ture except when the departure decision resulted in a sentence imposed in violation of law or resulted from an incorrect application of the guidelines. United States v. Hill, 70 F.3d 321, 324 (4th Cir. 1995).

In his pro se supplemental brief, Kwarteng contends that the government promised to recommend a four-level departure based on his testimony against Owusu but reneged on its promise after he decided not to testify in the other trial. He terms himself a victim of vindictive prosecution. He argues that his attorney was ineffective in failing to make known to the district court the government's prior promise to recommend a four-level departure, and in failing to request a departure based on his age, his health, his family circumstances, and his community involvement. We find no merit in the first claim. The plea agreement did not obligate the government to move for a downward departure and that fact was made clear to Kwarteng when he entered his guilty plea. Therefore, Kwarteng is not entitled to relief because the government recommended a lesser departure than was contemplated before he terminated his assistance. We note that the reasons for the government's change of heart were explained at sentencing.

A claim of ineffective assistance should be raised in a motion under 28 U.S.C. § 2255 (1988), not on direct appeal, unless the record conclusively establishes that counsel did not provide effective assistance. United States v. Matzkin, 14 F.3d 1014, 1017 (4th Cir. 1994). Because the record does not conclusively demonstrate ineffective assistance, we do not address the issue.

In accordance with Anders, we have examined the entire record in this case and find no meritorious issues for appeal. Defense counsel's current motion to withdraw is denied. This court requires that counsel inform her client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may again move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We affirm Kwarteng's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately

presented in the record and briefs, and oral argument would not aid the decisional process.

<u>AFFIRMED</u>

4